No. 3828.

Court of Appeal, Parish of Orleans.

MISS GEORGIANA M. ROSTRUP, INDIVIDUALLY AND AS TESTAMENTARY EXECUTRIX OF THE ESTATE OF ANDREW ROSTRUP, vs. MRS. NANCY ROSTRUP, WIFE OF JOSEPH DINGHAM, ET ALS.

The decree of the Appellate Court cannot be executed or in any way acted upon by the District Court until the same has been made part of the records of the latter Court by filing of a certified copy, recordation or inscription in the minutes.

Appeal from 28th Judicial District Court, Parish of Jefferson.

J. B. Rosser, Jr., plaintiff and appellant.

H. N. Gautier, defendant and appellee.

ESTOPINAL, J. This case has but recently been before us, and we then decided that a rule taken by the plaintiffs for the sale of certain real estate, had illegally and improvidently issued, but our decree reserved to plaintiffs the right to renew their rule in accordance with law. Plaintiffs took out another rule for the sale of the estate involved, which was finally tried below and made absolute.

Defendants seek a reversal of this judgment on several grounds, all of which appear to have some merit, but only one of which need be considered here in determining this case, to-wit: That the issuance of the rule was illegal and of no effect for the reason that at the time of its filing, July 6th, 1905, the decree of this Court has not been filed, recorded or in any way made part of the records of the District Court, to which it was directed.

We learn from the record that defendant's complaint is well founded. The rule was taken on the 6th of July, 1905; fixed for trial on the 28th; that the trial was continued to the next day, July 29th, and that it was only on the latter date that the attention of the District Court was officially directed to the action of this Court, its decree being filed on that day.

We do not believe that it is sacramental that decrees of Appellate Courts be necessarily inscribed in a book kept for that pur-

254:

pose, but we are of opinion that, whether it be by recording or filing of a certified copy or inscription in the minutes, the decree of the Appellate Court must be made a part of the records of the Court containing instructions, as it were, for the latter Court is without legal power or authority to entertain further proceedings.

The learned counsel for plaintiffs insists that the judgment was not definitive and at best, amounted to a non-suit, which was not a bar to the issuance of another rule, and that there was nothing in our decree to execute.

We grant that proposition, the more readily for the reason that we reserved plaintiff's right to proceed anew, but a non-suit, if our decree may be so termed, was a determinate action of this Court containing instructions, as it were, for the guidance of the lower Court.

Should not this decree have been a part of the records of the District Court on the 6th of July, when the rule issued? Unquestionably, we think.

It will not be urged that the publication in the public press of the decrees of appellate Courts is the legal notice contemplated which shall empower the District Judge to proceed in an appealed cause, and yet the record in this case indicates that the machinery of the District Court was set in motion on this theory.

In our opinion it matters not whether the judgment of the Court is one to be executed, or is, or has the effect of a non-suit, it must be filed, or recorded or inscribed in the minutes of the District Court, and in such way become a part of its records before that Court can again move in the matter.

The reason for this is so obvious that we need not stop to discuss it. It is no empty and meaningless formality.

We have examined the case of Amet vs. Boyer and Sheriff, 42 An. p. 831, and the Articles of the Code of Practice therein discussed, and think it applies pointedly to the issues involved here.

In this case the Supreme Court said:

"Article 619 of the Code of Practice, and which bears the same number in the Revised Code of Practice alluding to the judgment

rendered on appeal by the Supreme Court provides, in negative terms, *that it shall not be executed until it has been recorded in the records of the Inferior Court.*

The records to which the Article refers are those which the Clerk is bound by law to keep and which are mentioned in Articles 776 and 777 of the Code of Practice, and in Section 22 (R. S. 474) of the Act of 1885.

In that case it was urged by the appellants that the judgment of the Supreme Court should have been inscribed in the minute book of the District Court. The Court, however, finding that the judgment had been recorded in a book kept for the recordation of judgments held, that this was "a full compliance with legal exigencies."

We deem it unnecessary to enter into a discussion of other grounds for reversal urged by defendants, believing as we do that the unguarded and premature action of the District Court in issuing the rule herein is without legal effect, and is null and void.

We dismiss the suggestion of want of jurisdiction, urged by counsel for plaintiffs for the reason that the original record, which was before us on the former appeal, showed that the same property involved here was sold to appellants herein for one thousand dollars ($1,000.00), and in the absence of any showing to the contrary, we concluded the matter is within the jurisdiction of this Court.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and that the rule herein be set aside, without prejudice to plaintiff's right to sue out another rule conformably to the views herein expressed and according to law, appellees to pay costs.